UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTOPHER D. BELL, ) | CASE NO. 1:12 CV 617 |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| TERRY TIBBALS, et al., ) | AND ORDER |
| Defendants. ) | |

Plaintiff *pro se* Christopher D. Bell, an inmate at the Lorain Correctional Institution, filed this *in forma pauperis* action on March 12, 2012.  His Amended Complaint, filed pursuant to an Order of this Court dated March 21, 2012, names 49 officers and employees of the Ohio Department of Rehabilitation and Correction, and raises a wide range of claims related to Bell's conditions of confinement over the last several years.  For the reasons stated below, this case is dismissed without prejudice.

When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997).  Absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted.  28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative

remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir.2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver,* 2011 WL 1105652 at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, No. 10-1388, 2012 WL 1700701 at *1 (6th Cir. May 15, 2012).

Bell has on at least three occasions filed a civil action failing to state a claim in this Court. *See, Bell v. Krandall,* 1:03 CV 2284; *Bell v. Wilkinson*, No. 1:03 CV 1559; *Bell v. Rowe*, No. 1:97 CV 2512; see also, *Bell v. Rhodes*, No. 05-3666 (6th Cir. Apr. 27, 2006). Apparently aware of this, he has sought and received liberal leave from this Court in the instant case to provide allegations indicating he is in imminent danger of serious physical injury

Because Bell has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. As set forth above, to be considered imminent, the

danger must be contemporaneous with the Complaint's filing. *Vandiver,* 2011 WL 1105652 at *2 (finding that because § 1915(g) uses the present tense in stating the imminent danger exception, "it is clear from the face of the statute that the danger must exist at the time the Complaint is filed"). *See also Tucker,* 2012 WL 1700701 at * 2 (plaintiff sufficiently alleged imminent danger of serious physical injury where he asserted continuing threats of injury from prison guards); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger). Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Tucker,* 2012 WL 1700701 at * 1. Similarly, a prisoner-plaintiff with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court. *See Vandiver*, 2011 WL 1105652, at *2; *Rittner,* 2008 WL 3889860 at * * 1 (finding that "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception"); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

Applying the above principles, nothing contained in the voluminous materials filed by Bell reasonably suggests he is in imminent danger of serious physical injury. Therefore, he may not proceed *in forma pauperis*. *See Mitchell v. Tennessee*, No. 03-5816, 2004 WL 193153 at *1 (6th Cir. Jan. 30, 2004).

Accordingly, this action is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: August 20, 2012